IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

AR-LUCIUS LAMONT ALFORD,

       Petitioner,

v.                                  Civil Action No. 5:11CV10
                                           (STAMP)

K. DeBOO,

       Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

Ar-Lucius Lamont Alford, the petitioner in the above-styled civil action, filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 requesting that his sentence be vacated, that he be re-sentenced, and that an order issue for his immediate release. On April 25, 2001, in the United States District Court for the District of South Carolina, the petitioner pleaded guilty to the single-count indictment charging him with being a felon in possession of a firearm. The indictment further alleged a violation of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).[2]

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

[2] The charge of being an armed career criminal resulted from the fact that the petitioner had previously been convicted of three violent felonies.

The petitioner was sentenced to 188 months imprisonment, to be followed by a term of five years of supervised release. The petitioner appealed his sentence, arguing that his 1994 conviction for failing to stop for a blue light and his 1997 conviction for possessing a sawed-off shotgun should not have counted as predicate offenses for classifying him as an armed career criminal. The United States Court of Appeals for the Fourth Circuit affirmed the petitioner's conviction on September 24, 2002.

On September 2, 2003, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of South Carolina. The district court ultimately granted the government's motion for summary judgment and dismissed the petition, which the Fourth Circuit affirmed. The petitioner also filed a motion under § 2244 in the Fourth Circuit Court of Appeals seeking to file a successive habeas application, which the Fourth Circuit denied.

The petitioner then filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of South Carolina, where he was then incarcerated. Based upon the arguments presented, the district court interpreted the § 2241 petition as a challenge to the petitioner's sentence, which must be considered under 28 U.S.C. § 2255. Because the petitioner had previously filed a § 2255 motion that was adjudicated on the merits, the court dismissed the petition as successive. Following the dismissal of

his § 2255 motion, the petitioner filed multiple motions "to recall mandate pursuant to [Federal Rule of Appellate Procedure] 41." The petitioner's motions requested that the Fourth Circuit reconsider his prior argument that the 1994 and 1997 convictions should not have been considered for the sentencing enhancement for being an armed career criminal. These motions were all denied by the Fourth Circuit. Thereafter, the petitioner filed the present petition, again alleging that his sentence was improperly enhanced pursuant to the ACCA.

This civil action was referred to United States Magistrate Judge John S. Kaull for report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The respondent filed a motion to transfer case in response to a show cause order issued by the magistrate judge. In support of the motion to transfer, the respondent states that while the petitioner has arguably made a sufficient initial showing that his claim may be appropriate for consideration under 28 U.S.C. § 2241, the proper court for making a final determination on the merits of his claim is the District of South Carolina, where he was sentenced and convicted. On July 20, 2011, the magistrate judge entered a report and recommendation recommending that the respondent's motion to transfer be granted and that the petitioner's petition in his civil action be construed as a petition for a writ of error coram nobis and transferred to the District of South Carolina. The magistrate judge advised the

3

…

...

parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen (14) days after being served with a copy of the magistrate judge's recommendation. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

A.   Title 28, United States Code, Section 2241

In his § 2241 petition, the petitioner attacks the validity of his conviction and sentence and seeks to have his sentence modified so as to permit his immediate release. This is the type of challenge that ordinarily must be brought under § 2255, not § 2241. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) ("[Section] 2255

. . . channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently."). As the magistrate judge stated, a federal prisoner attacking the validity of his conviction or sentence may utilize the provisions of § 2241, but only when § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Jones, 226 F.3d at 333-34 (describing when § 2255 is inadequate and ineffective to test the legality of conviction).

The petitioner has consistently contested two of the predicate offenses used to classify him as an armed career criminal. Specifically, he argues that his 1994 conviction for failing to stop for a blue light and his 1997 conviction for possessing a sawed-off shotgun should not have counted as predicate offenses for classifying him as an armed career criminal. The Fourth Circuit has stated that to constitute a crime of violence for purposes of § 924(e), the potential injury is determinative. See United States v. Aragon, 983 F.2d 1306, 1314 (4th Cir. 1993). Previously, the Fourth Circuit has held that possession of a sawed-off shotgun is a crime of violence. United States v. Johnson, 246 F.3d 330, 334 (4th Cir. 2001). The Fourth Circuit has also previously concluded that the "potential of violence that could result from the failure to stop for a blue light and the ensuing confrontation between the police officer and the occupants of the vehicle is analogous to

5

potential for violence found in [crimes such as escape and pick-pocketing]." United States v. Alford, 46 F. App'x 217, 218 (4th Cir. 2002). Thus, the magistrate judge correctly determined that at the time of conviction, the settled law of the Fourth Circuit established the legality of the petitioner's ACCA conviction. However, in light of the United States Supreme Court's decision in Chambers v. United States, 555 U.S. 122 (2009), which held that the crime of failing to report to a penal institution did not qualify as a violent felony under the ACCA, the Fourth Circuit has held that violation of a blue light statute is not a violent felony. United States v. Rivers, 595 F.3d 558, 565 (4th Cir. 2010) (concluding that a violation of South Carolina's blue light statute, S.C. Code § 56-5-750(A), does not qualify as a predicate offense for purposes of the ACCA). Additionally, the Fourth Circuit has subsequently held that possession of a sawed-off shotgun is not a violent felony for purposes of the ACCA. United States v. Ross, 416 F. App'x 289, 290-91 (4th Cir. 2011).

This Court agrees that Rivers and Ross reflect substantive changes in the law which may demonstrate that the conduct involved in the petitioner's 1994 conviction for failing to stop for a blue light and his 1997 conviction for possessing a sawed-off shotgun are no longer violent felonies. Therefore, this Court finds no clear error in the magistrate judge's conclusion that the petitioner cannot satisfy the gate-keeping requirements of 28

U.S.C. § 2255, but that the petitioner satisfies the savings clause of 28 U.S.C. § 2241.

B.   Motion to Transfer

As the magistrate judge correctly stated, a court may issue a writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651, "to vacate a conviction when there is a fundamental error resulting in conviction, and no other means of relief is available." In re McDonald, 88 F. App'x 648, 649 (4th Cir. 2004) (unpublished) (citing United States v. Morgan, 346 U.S. 502, 509-11 (1954)). The writ of error coram nobis is "properly viewed as a belated extension of the original proceeding during which the error allegedly transpired." United States v. Denedo, 129 S. Ct. 2213, 2221 (2009). The availability of this writ is limited to "extraordinary cases presenting circumstances compelling its use to achieve justice" and where habeas corpus is not available. Id. at 2220 (internal citations omitted). Further, a writ of error coram nobis is available only when the applicant is not incarcerated. United States v. Johnson, 237 F.3d 751, 755 (6th Cir. 2001).

Courts have transferred petitions filed pursuant to 28 U.S.C. § 2241 to the district of conviction using the All Writs Act, 28 U.S.C. § 1651. See In re Nwanze, 242 F.3d 521, 526-27 (3d Cir. 2001). The magistrate judge is correct that the petitioner could not have filed his § 2241 petition in the District of South

7

Carolina, but that he could have filed a petition for a writ of error coram nobis in that district.

Because the original sentencing court is the preferred forum for addressing the merits of a claim which attacks the validity of a conviction, this Court finds no clear error in the magistrate judge's decision to grant the respondent's motion to transfer this civil action to the District of South Carolina. This Court reiterates that it is the decision of the District of South Carolina whether to address the merits of the petitioner's claims.

### IV.  Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, the petitioner's petition filed in his civil case is CONSTRUED as a petition for a writ of error coram nobis and the respondent's motion to transfer is GRANTED. It is ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court with respect to the petitioner's petition filed in his civil case.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the <u>pro se</u> petitioner by certified mail and to the Clerk of the United States District Court for the District of South Carolina. The Clerk is further DIRECTED to TRANSFER this case to the United States District Court for the District of South Carolina.

DATED:    August 23, 2011

<u>/s/ Frederick P. Stamp, Jr.</u>  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE