IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Arlucius Lamont Alford, | ) | C/A No. 0:11-2277-CWH-PJG |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| United States of America, | ) | |
| Respondent. | ) | |

Petitioner Arlucius Lamont Alford ("Alford"), a self-represented federal prisoner currently in custody at FCC Petersburg Medium, a facility of the Bureau of Prisons, originally filed a petition for habeas corpus in the Northern District of West Virginia, where the court construed Alford's Petition as a petition for a writ of *coram nobis* and on August 23, 2011 transferred this action to the District of South Carolina. (ECF No. 18.) Alford filed an Amended Petition on October 11, 2011. (ECF No. 27.) The respondent filed a return (ECF No. 30) and Alford replied (ECF No. 31). In his Amended Petition, Alford seeks to have his criminal conviction and sentence for being a felon in possession of a firearm vacated and requests that he be resentenced in light of recent case law. He contends that his convictions for failure to stop for a blue light and possessing a sawed-off shotgun are not violent felonies under recent case law, and his sentence should not remain enhanced under the Armed Career Criminal Act ("ACCA").

This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation. Upon review of the parties' pleadings, the court recommends that Alford's Amended Petition be denied.

## BACKGROUND

Alford pled guilty on April 25, 2001 before the Honorable C. Weston Houck, Senior United States District Judge, to the charge of being a felon in possession of a firearm. Alford was designated as an armed career criminal under the ACCA, which was used to enhance his sentence. Alford was sentenced to 188 months' imprisonment and five years of supervised release. Alford appealed his sentence, arguing that his convictions for failure to stop for a blue light and possessing a sawed-off shotgun should not have counted as predicate offenses to enhance his sentence. The United States Court of Appeals for the Fourth Circuit affirmed his conviction. Thereafter, Alford filed (1) a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255, which was dismissed and affirmed by the Fourth Circuit; (2) a motion pursuant to § 2244 to file a successive habeas petition, which was denied by the Fourth Circuit; (3) a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of South Carolina, which raised issues that the court stated must be considered under 28 U.S.C § 2255 and was dismissed as successive; and (4) multiple motions "to recall mandate pursuant to [Federal Rule of Appellate Procedure] 41," requesting that the Fourth Circuit reconsider his arguments that two of his convictions should not have been considered in enhancing his sentence under the ACCA, all of which were denied. Finally, Alford filed the instant petition in the Northern District of West Virginia, which was construed as a petition for a writ of *coram nobis* and transferred to this district, resulting in the present case.[1] (See generally ECF No. 18.)

---

[1] Further details of the procedural history of Alford's case are contained in the court's order dated August 23, 2011 transferring this matter from the Northern District of West Virginia. (See ECF No. 18.)



In his Amended Petition, Alford seeks for the court to vacate his 2001 conviction and sentence for being a felon in possession of a firearm. He further requests that he be resentenced without consideration of his prior convictions for failure to stop for a blue light and possessing a sawed-off shotgun as predicate offenses to enhance his sentence under the ACCA. Finally, Alford seeks the court to grant him immediate release. (See ECF No. 27.)

**DISCUSSION**

"The All Writs Act[, 28 U.S.C. § 1651,] is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pennsylvania Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). Further, the United States Supreme Court has observed, "As we noted a few years after enactment of the Federal Rules of Criminal Procedure, 'it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate.' " Carlisle v. United States, 517 U.S. 416, 429 (1996) (citations omitted & alterations in original).

The means to collaterally challenge a federal conviction or sentence is pursuant to 28 U.S.C. § 2255. A prisoner may not resort to a petition for a writ of *coram nobis* or a petition for a writ of *audita querela* merely because he cannot meet the gatekeeping requirements for a second or successive § 2255. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); see generally Cunningham v. Drew, C/A No. 9:11–1700–CMC–BM, 2011 WL 5082257, at *1 n.1 (D.S.C. Oct. 26, 2011) (discussing generally writs of *coram nobis* and *audita querela*). Further, writs of *coram nobis* are generally not available to those in custody. See In re Fiorani, 396 F. App'x 924 (4th Cir. 2010) (unpublished) (*per curiam*); United States v. Salley, C/A No. 3:95-488-JFA, 2011 WL

5024184 (D.S.C. Oct. 20, 2011); see also 3 Charles Alan Wright & Sarah N. Welling, Federal Practice and Procedure § 624 at 652, 657 (4th ed. 2011) ("Coram nobis is unnecessary, and will not lie, if the defendant is in custody and has a remedy available under § 2255."; "[T]oday [the writ of audita querela] is available only for objections that are not covered by other remedies. Not surprisingly, given these limitations, petitions for writs of audita querela are unlikely to succeed."). Both because Alford is in custody and because a writ of *coram nobis* is not proper based on the relief he seeks, the Amended Petition should be denied.

## RECOMMENDATION

Based on the foregoing the court recommends that Alford's Amended Petition be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 22, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).