IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Arlucius Lamont Alford, ) | Civil Action No. 0:11-2277-CWH |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court upon the report and recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett recommending that the Court deny the pro se petition for a writ of coram nobis filed by Arlucius Lamont Alford ("Alford"). For the reasons set forth in this Order, the Court accepts the R&R.

**I. Background**

On April 25, 2001, in the District of South Carolina, Alford pleaded guilty pursuant to a written plea agreement to a single-count indictment charging him with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). United States v. Alford, Case No. 4:01-cr-00057-CWH-1, ECF No. 17. Alford also was designated as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1) ("ACCA"), as a result of three previous violent felony convictions. Case No. 4:01-cr-00057-CWH-1, ECF No. 17 at 1. The Court sentenced Alford to a term of 188 months' imprisonment, to be followed by 5 years of supervised release. Case No. 4:01-cr-00057-CWH-1, ECF No. 24. His sentence reflected a charge under the ACCA, which identifies individuals previously convicted of three violent

felonies. See 18 U.S.C. § 924(e)(1). Alford appealed his sentence, arguing that his 1994 conviction for failing to stop for a blue light and his 1997 conviction for possessing a sawed-off shotgun should not have counted as predicate offenses to enhance his sentence.[1] United States v. Alford, 46 F. App'x 217, 217-18 (4th Cir. 2002) (per curiam). At the time of his conviction and sentencing, the settled law of the Fourth Circuit established the legality of Alford's ACCA conviction for possessing a sawed-off shotgun. See United States v. Johnson, 246 F.3d 330, 335 (4th Cir. 2001) (holding that possession of a sawed-off shotgun by a felon is a crime of violence). Although there was no precedent concerning whether the failure to stop for a blue light was a crime of violence with respect to the ACCA, on September 24, 2002, the Fourth Circuit affirmed Alford's conviction and sentence, holding that the potential of violence resulting from the failure to stop for a blue light is sufficiently analogous to the potential of violence found in crimes of violence for it to be a predicate offense under the ACCA. Alford, 46 F. App'x at 218.

On September 2, 2003, Alford filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.[2] Alford v. United States, Case No. 4:03-cv-2844-CWH. After the matter was fully briefed, the Court granted the Government's motion for summary judgment and denied Alford's § 2255 motion; the Fourth Circuit affirmed, denied a certificate of appealability, and dismissed the appeal. United States v. Alford, 197 F. App'x 254 (4th Cir. 2006) (per curiam).

---

[1] Alford had pleaded guilty to both of these charges. Alford, 46 F. App'x at 217.

[2] Alford argued: (1) the District Court lacked jurisdiction to charge, convict, and sentence him; (2) ineffective assistance of counsel at all stages; (3) ineffective assistance of counsel for failing to raise the previous restoration of his civil rights; and (4) ineffective assistance of counsel for failing to raise on appeal the issue of his stopping for a blue light. See Alford, Case No. 4:03-cv-2844, ECF No. 1 at 4-5.



On February 3, 2009, Alford filed a motion pursuant to 28 U.S.C. § 2244, seeking to file a successive habeas application. Case No. 4:01-cr-00057-CWH-1, ECF No. 33. The Fourth Circuit denied the motion on March 3, 2009. Case No. 4:01-cr-00057-CWH-1, ECF No. 34.

On April 8, 2009, Alford filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District of South Carolina, where he was incarcerated at that time. Case No. 4:01-cr-00057-CWH-1, ECF No. 35. In his § 2241 petition, Alford argued that in light of the Supreme Court's decision in Begay v. United States, 553 U.S. 137 (2008) and the Fourth Circuit's decision in United States v. Roseboro, 551 F.3d 226 (4th Cir. 2009), he was entitled to have his sentence vacated and be re-sentenced without the ACCA enhancement. Id. Alford specifically argued that § 2255 was inadequate and ineffective to address his claims and that his sentence violated his Fifth Amendment constitutional right to equal protection and due process. Id. In an Amended Order dated February 22, 2010, this Court interpreted the § 2241 petition as a challenge to his sentence which required it to be considered under 28 U.S.C. § 2255; because Alford previously had filed a § 2255 motion which was adjudicated on the merits, the Court dismissed the petition as a successive § 2255 motion. Case No. 4:01-cr-00057-CWH-1, ECF No. 46. The Court declined to issue a certificate of appealability "as the petitioner has not made a substantial showing of a denial of a constitutional right." Id. 2 (citations omitted).

On April 17, 2009, Alford filed a Motion to Recall Mandate Pursuant to Federal Rule of Appellate Procedure 41 in the Fourth Circuit Court of Appeals, again citing the Begay and Roseboro decisions. Alford argued that extraordinary circumstances existed such that the Court of Appeals should recall its October 16, 2002 mandate which affirmed his conviction, and reconsider his prior argument that the 1994 conviction for failing to stop for a blue light was not



a violent felony and should not have been considered for the sentencing enhancement pursuant to ACCA. The motion was denied on June 5, 2009. Alford filed an identical motion on July 28, 2009, which was subsequently denied on August 25, 2009.[3]

On February 25, 2010, the Fourth Circuit held that "under no circumstance is a violation of South Carolina's blue light statute a violent felony under the ACCA." United States v. Rivers, 595 F.3d 558, 560 (4th Cir. 2010). On November 29, 2010, Alford filed a second Motion to Recall Mandate in the Fourth Circuit Court of Appeals, citing Begay, Chambers v. United States, 555 U.S. 122 (2009), and the Fourth Circuit's decisions in Rivers, United States v. James, 337 F.3d 387 (4th Cir. 2003), and United States v. Haste, 292 F. App'x 249 (4th Cir. 2008) (per curiam), and arguing that extraordinary circumstances existed such that the Court of Appeals should recall its mandate dated October 16, 2002, and allow him to proceed on direct appeal so that the Court could reconsider, in light of Rivers and Haste, his prior argument that his 1994 conviction for failing to stop for a blue light and his 1997 conviction for possessing a sawed-off shotgun were not violent felonies under ACCA. The Fourth Circuit denied the motion on January 14, 2011.

On March 16, 2011, the Fourth Circuit determined that "possession of a sawed-off shotgun is not a 'violent felony' for purposes of the [ACCA] . . . ." United States v. Ross, 416 F. App'x 289, 290 (4th Cir. 2011) (per curiam) (citing United States v. Hood, 628 F.3d 669 (4th Cir. 2010)). Two months earlier, on January 10, 2011, Alford had filed the instant § 2241 petition in the Northern District of West Virginia (as that was where he was incarcerated at that

---

[3] These facts are taken from Magistrate Judge Kaull's R&R, which was filed in this Court after the case was transferred. Civil Action No. 0:11-2277-CWH, ECF No. 17.



time), alleging that his sentence was improperly enhanced pursuant to the ACCA. Alford v. Deboo, Civil Action No. 5:11-10, ECF No. 1 (N.D. W. Va.). The case was referred to United States Magistrate Judge John S. Kaull, who reviewed the history of the case, and, having the benefit of Ross, stated:

> It would appear that the Rivers and Ross cases reflect a substantive change of law which **may** demonstrate that the conduct involved in the petitioner's 1994 conviction for failing to stop for a blue light and 1977 conviction for possessing a sawed-off shotgun are no longer criminal acts. Additionally, those changes occurred after his direct appeal and first section 2255 motion. Because these cases do not establish a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," the petitioner cannot satisfy the "gate-keeping" requirements of sections [sic] 2255, and the petitioner appears to have satisfied the "savings clause" of section 2241.

(R&R, Civil Action No. 5:11-10, ECF No. 17 at 6-7). The R&R recommended that the Court construe Alford's petition as a petition for a writ of coram nobis[4] under the All Writs Act, and grant the government's motion to transfer the petition to the District of South Carolina, where Alford had been sentenced. Civil Action No. 5:11-10, ECF No. 17 at 11-12. Neither the government nor Alford filed an objection to Magistrate Judge Kaull's R&R, and on August 23, 2011, United States District Judge Frederick P. Stamp, Jr. accepted and adopted the R&R and transferred the case to the United States District Court for the District of South Carolina. Civil Action No. 5:11-10, ECF No. 18.

The case again was assigned to the undersigned, and in accordance with 28 U.S.C. § 636(b)(1)(A) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), a referral was made to a United

---

[4] It is unclear to the Court as to the reason that the transferring court construed Alford's petition as one seeking a writ of error coram nobis, because, as the transferring court acknowledged, "a writ of error coram nobis is available only when the applicant is not incarcerated." Civil Action No. 5:11-10, ECF No. 18 at 7 (citation omitted).



States Magistrate Judge for pre-trial proceedings and an R&R. <u>Alford v. United States</u>, C/A No. 0:11-2277-CWH-PJG.[5] On September 7, 2011, Alford filed a "Petition to Amend 28 U.S.C. § 1651 Error Coram Nobis," seeking to have his criminal conviction and sentence for being a felon in possession of a firearm vacated and requesting a resentencing in light of the recent case law. (ECF No. 21). The motion to amend was granted by the magistrate judge, who ordered that the petition be served upon the government. (ECF No. 23). In response, the government argued that the petition for a writ of coram nobis should be treated as a § 2255 petition, and that Alford should be required to seek a certificate of appealability from the Fourth Circuit. (ECF No. 30). In reply, Alford argued that his petition was ripe for adjudication, and that he had exhausted all of his remedies save a petition for a writ of coram nobis, which was a remedy of last resort. (ECF No. 31). On July 11, 2012, Alford filed a motion for the appointment of counsel pursuant to 28 U.S.C. § 3006A.

On August 22, 2012, the magistrate judge, by text order, denied Alford's motion for the appointment of counsel. (ECF No. 36). On that same day, the magistrate judge issued an R&R recommending that Alford's Amended Petition be denied "[b]oth because Alford is in custody and because a writ of coram nobis is not proper based on the relief he seeks . . . ." (ECF No. 37 at 4). On September 10, 2012, Alford timely filed his objections to the R&R. (ECF No. 40). Thereafter, on April 1, 2013, Alford filed a Motion to Amend/Correct his petition for a Writ or Coram Nobis, and on April 12, 2013, the government responded in opposition thereto. (ECF Nos. 43 & 44).

---

[5] All further references to ECF Numbers will pertain to this docket.

## II. Standard of Review

### A. The R&R

'The magistrate judge makes only a recommendation to this Court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Id. at 271. The Court is charged with making a de novo determination of any portions of the magistrate judge's recommendation to which a specific objection is made. 28 U.S.C. § 636(b)(1). The Court evaluates the evidence without granting any deference to the magistrate judge's findings and conclusions. Mathews, 423 U.S. at 270-71; Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993). The final decision is made by the Court based upon the actual record, not merely the magistrate judge's reported findings. Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). The Court may accept, reject, or modify, in whole or in part, the R&R, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B. The pro se pleading

Pro se submissions are to be construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted) (internal quotation marks omitted). Nevertheless, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).



## III. Discussion

### A. Alford's objections

Alford first objects to the R&R on the grounds "that he is actually innocent of being a[n] armed career criminal based on a substantive change in law where the predicate offenses used to define his armed career criminal status has been deemed to no longer be valid convictions for ACCA purposes." Obj. 3, ECF No. 40. Alford further argues that the change in the substantive law "has the effect of legalizing the conduct in [his] indictment conviction and sentence that at the time of sentence and conviction was thought to be illegal." Obj. 4. Alford contends that his 1994 conviction for failing to stop for a blue light and his 1997 conviction for possession of a sawed-off shotgun no longer qualify as predicate offenses for purposes of the ACCA. Thus, he reasons, his classification as an armed career criminal under the ACCA is invalid and should not have been used to enhance his sentence. As the petitioner has made specific objections to the R&R, the Court reviews the R&R de novo.

### B. Analysis

Alford was in the custody of the Bureau of Prisons at the time the magistrate judge issued her R&R. As grounds for denying Alford's motion, she reasoned that Alford's petition was a request for relief pursuant to the writ of coram nobis, and relief pursuant to that writ is generally limited to those instances when a petitioner is no longer in custody. Carlisle v. United States, 517 U.S. 416 (1996); In re Fiorani, 396 F. App'x 924, 925 (4th Cir. 2010) (per curiam); United States v. Salley, CR No. 3:95-488-JFA, 2011 WL 5024184, at *1 (D.S.C. Oct. 20, 2011) (citation omitted). The magistrate judge's reasoning was correct, because Alford was in custody at the time she issued her R&R.



At this time, the Court's research indicates that Alford has been released from the Bureau of Prisons, and is serving his term of supervised release.[6] Thus, he is still in custody. "A prisoner on supervised release is considered to be "in custody" for purposes of a § 2255 motion." United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (citing Maleng v. Cook, 490 U.S. 488, 491 (1989)). Therefore, coram nobis will not offer Alford an avenue of relief. Accordingly, his petition for a writ of coram nobis is denied.

## IV. Conclusion

For the reasons set forth in this Order, the Court accepts the R&R (ECF No. 37). Alford's petition for relief is denied, and his motion to amend his petition (ECF No. 43) is moot. It is further ordered that a certificate of appealability is denied because Alford has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[7]

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE**

September 3⁰, 2015
Charleston, South Carolina

---

[6] See BOP Inmate Locator No. 97275-071, http://www.bop.gov/inmateloc/ accessed on July 20, 2015.

[7] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001) (citation omitted).

